UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20771-CIV-MARTINEZ/BROWN

FLAVA WORKS, INC.,

       Plaintiff,

vs.

PLATINUM PLANNING GROUP, INC.
d/b/a SIZZLE MIAMI, LUIS MEDRANO
and DWIGHT POWELL,

       Defendants.
_____/

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, PLATINUM PLANNING GROUP, INC. d/b/a SIZZLE MIAMI ("Sizzle"), LUIS MEDRANO ("Medrano") and DWIGHT POWELL ("Powell") (collectively, the "Defendants"), by and through undersigned counsel, files this Answer and Affirmative Defenses as follows:

1. As to Paragraph 1, the Defendants admit that the Plaintiff, Flava Works ("Plaintiff"), is seeking to recover alleged damages but denies there are any damages to recover and/or that Defendants did anything to cause Plaintiff damage. The remaining allegations in Paragraph 1 are denied.

2. As to Paragraph 2, Defendants admit Powell owns Sizzle. The remaining allegations in Paragraph 2 are denied.

3. As to Paragraph 3, Defendant Sizzle admits it reproduced and distributed certain images owned by the Plaintiff. The remaining allegations in Paragraph 3 are denied.

Defendants' Answer and Affirmative Defenses
Flava Works, Inc. v. Platinum Planning Group, Inc., Medrano & Powell
Case No.: 11-20771-CIV-MARTINEZ/BROWN
Page 2

    4.    As to Paragraph 4, Defendant Sizzle admits it knew that it was re-producing certain images. The remaining allegations in Paragraph 4 are denied.

    5.    Paragraph 5 is admitted.

    6.    Paragraph 6 is admitted.

    7.    Paragraph 7 is admitted.

    8.    Paragraph 8 is admitted.

    9.    Paragraph 9 is admitted.

    10.    As to Paragraph 10, Defendants have no personal knowledge as to Flava Works' corporate status and/or current address. The allegations in Paragraph 10 are therefore denied.

    11.    As to Paragraph 11, Defendants Sizzle and Powell admit that Flava Works produces and markets adult-oriented material and that at least some of them are trademarked. Defendants Sizzle and Powell have no personal knowledge of the remaining allegations. The remaining allegations are therefore denied. Defendant Medrano is without personal knowledge as to the allegations in Paragraph 11. All the allegations in Paragraph 11 are therefore denied.

    12.    As to Paragraph 11, Defendant Sizzle and Powell admit that *Flava Men* is a magazine geared towards the gay community. They are without knowledge as to the remaining allegations. The remaining allegations are therefore denied. Defendant Medrano is without personal knowledge of the allegations in Paragraph 11. The allegations of Paragraph 12 are therefore denied.

    13.    Paragraph 13 is admitted.

Defendants' Answer and Affirmative Defenses
Flava Works, Inc. v. Platinum Planning Group, Inc., Medrano & Powell
Case No.: 11-20771-CIV-MARTINEZ/BROWN
Page 3

14. Paragraph 14 is admitted.

15. Paragraph 15 is denied.

16. As to Paragraph 16, Defendants admit that Powell operates the website www.sizzlemiami.com. The remaining allegations in Paragraph 16 are denied.

17. Paragraph 17 is admitted.

18. Paragraph 18 is denied.

19. Paragraph 19 is denied.

20. Paragraph 20 is denied.

21. Paragraph 21 is admitted.

22. Paragraph 22 is admitted.

23. Paragraph 23 is admitted.

24. Paragraph 24 is denied.

25. As to Paragraph 25, Defendants admit that some of Sizzle's profits are made through its promotion of these events.

26. Paragraph 26 is denied.

27. As to Paragraph 27, Defendants admit that Sizzle has used Baby Star in its literature. The remaining allegations in Paragraph 27 are denied.

28. As to Paragraph 28, Defendants admit that Sizzle has used DeAngelo Jackson in its literature. The remaining allegations in Paragraph 28 are denied.

29. As to Paragraph 29, Defendants admit that Sizzle has used Matrix in its literature. The remaining allegations in Paragraph 29 are denied.

Defendants' Answer and Affirmative Defenses
Flava Works, Inc. v. Platinum Planning Group, Inc., Medrano & Powell
Case No.: 11-20771-CIV-MARTINEZ/BROWN
Page 4

30. As to Paragraph 30, Defendants admit that Sizzle has used Xavier Vega in its literature. The remaining allegations in Paragraph 30 are denied.

31. Defendants are without knowledge as to the allegations in Paragraph 31 and further state that if they are copyrighted, that fact speaks for itself. The remaining allegations in Paragraph 31 are denied.

32. Defendants are without knowledge as to the allegations in Paragraph 32. Paragraph 32 is therefore denied.

33. As to Paragraph 33, Defendants admit that they do not pay Plaintiff monetary compensation for the usage of pictures. The remaining allegations in Paragraph 33 are denied.

34. As to Paragraph 34, Defendants deny that Plaintiff "discovered" anything. The remaining allegations in Paragraph 34 are denied.

35. As to Paragraph 35, Defendants admit that at least one image has been e-mailed. The remaining allegations in Paragraph 35 are denied.

36. As to Paragraph 36, Defendants deny that Plaintiff does not know the number of times Defendant Sizzle utiltized different images to which Plaintiff is referring. Further Defendants admit that there has been at least one published booklet that contains an image belonging to Plaintiff. The remaining allegations in Paragraph 36 are denied.

37. Defendants are without knowledge as to the allegations in Paragraph 37. Those allegations are therefore denied.

38. Paragraph 38 is denied.

Defendants' Answer and Affirmative Defenses
Flava Works, Inc. v. Platinum Planning Group, Inc., Medrano & Powell
Case No.: 11-20771-CIV-MARTINEZ/BROWN
Page 5

39. Paragraph 39 is denied.

40. As to Paragraph 40, Defendants are without knowledge as to what Plaintiff "Discover[ed] ..." The remaining allegations in Paragraph 40 are denied.

41. Paragraph 41 is denied.

42. Paragraph 42 is denied.

43. Paragraph 43 is without knowledge as to the allegations in Paragraph 43. Paragraph 43 is therefore denied.

44. As to Paragraph 44, Defendants admit that if Plaintiff's website displays its copyright and trademark, then such a fact would speak for itself. The remaining allegations are denied.

45. Paragraph 45 is denied.

46. As to Paragraph 46 (a, b, c, and d), Defendants admit that Plaintiff is claiming it is seeking "immediate redress" but denies it is so entitled. The remaining allegations in Paragraph 46 (a, b, c, and d) are denied.

47. Defendants repeat and incorporate by reference as if *verbatim*, each and every paragraph previous to this section, inclusive.

48. As to Paragraph 48, Defendants admit that if Plaintiff holds the copyright on each work it claims was "infringed", then such a fact would speak for itself. The remaining allegations are denied.

49. Paragraph 49 is denied.

Defendants' Answer and Affirmative Defenses
Flava Works, Inc. v. Platinum Planning Group, Inc., Medrano & Powell
Case No.: 11-20771-CIV-MARTINEZ/BROWN
Page 6

50. As to Paragraph 50, Defendants admit it reproduced certain images with Plaintiff's active knowledge and consent. The remaining allegations in Paragraph 50 are denied.

51. As to Paragraph 51, Defendants admit it reproduced certain images with Plaintiff's active knowledge and consent. The remaining allegations in Paragraph 51 are denied.

52. As to Paragraph 52, Defendants admit it reproduced certain images with Plaintiff's active knowledge and consent. The remaining allegations in Paragraph 50 are denied.

53. Paragraph 53 is denied.

54. Paragraph 54 is denied.

55. Paragraph 55 is denied.

56. Paragraph 56 is denied.

57. As to Paragraph 57, Defendants admit that they used attractive images and advertised utilizing those images. The remaining allegations are denied.

58. As to Paragraph 58, Defendants admit that their conduct was with the active consent of Plaintiff. The remaining allegations in Paragraph 58 are denied.

59. Paragraph 58 is denied.

60. As to Paragraph 60, Defendants admit that the law speaks for itself. The remaining allegations in Paragraph 60 are denied.

61. As to Paragraph 61, Defendants admit that it did not willfully infringe on anyone's rights. The remaining allegations in Paragraph 61 are denied.

Case 1:11-cv-20771-JEM   Document 11   Entered on FLSD Docket 04/04/2011   Page 7 of 11

Defendants' Answer and Affirmative Defenses
Flava Works, Inc. v. Platinum Planning Group, Inc., Medrano & Powell
Case No.: 11-20771-CIV-MARTINEZ/BROWN
Page 7

62. As to Paragarph 62, the Defendants admit that the law speaks for itself. The remaining allegations are denied.

63. Paragraph 63 is denied.

64. As to Paragraph 64, Defendants admit that the legal owner of the marks to which Plaintiff refers will speak for itself. The remaining allegations in Paragraph 64.

65. Defendants are without knowledge as to the distinctive marks claimed by Plaintiff. Paragraph 65 is therefore denied.

66. Paragraph 66 is denied.

67. Defendants are without knowledge as to the allegations in Paragraph 67. Those allegations are therefore denied and the remaining allegations are denied.

68. Defendants are without knowledge as to the allegations in Paragraph 68. Those allegations are therefore denied and the remaining allegations are denied.

69. As to Paragraph 69, Defendants include only logos and marks on its website for which it has authority to include. The remaining allegations in Paragraph 69 are denied.

70. As to Paragraph 70, Defendants are without knowledge as to Plaintiff's investments. Paragraph 70 is therefore denied. The remaining allegations in Paragraph 70 are denied.

71. As to Paragraph 71, Defendants are without knowledge as to the care in which plaintiff takes care of its things. Paragraph 71 is therefore denied.

Defendants' Answer and Affirmative Defenses
Flava Works, Inc. v. Platinum Planning Group, Inc., Medrano & Powell
Case No.: 11-20771-CIV-MARTINEZ/BROWN
Page 8

72. As to Paragraph 72, Defendants are without knowledge as to the degree of control and oversight which Plaintiff puts into its alleged products.  The remaining allegations in Paragraph 72 are denied.

73. As to Paragraph 73, Defendants are without knowledge as to the care, etc. Plaintiff takes in its promotions.  Such allegations are therefore denied.  The remaining allegations in Paragraph 73 are denied.

74. Paragraph 74 is denied.

75. The Defendants are without knowledge as to the allegations in Paragraph 75.  Paragraph 75 is therefore denied.

76. Paragraph 76 is denied.

77. Paragraph 77 is denied.

78. Paragraph 78 is denied.

79. Paragraph 79 is denied.

80. Paragraph 80 is denied.

81. Paragraph 81 is denied.

82. Paragraph 82 is denied.

83. Paragraph 83 is denied.

84. Paragraph 84 is denied.

85. All allegations not specifically admitted are hereby denied.

Defendants' Answer and Affirmative Defenses
Flava Works, Inc. v. Platinum Planning Group, Inc., Medrano & Powell
Case No.: 11-20771-CIV-MARTINEZ/BROWN
Page 9

## **AFFIRMATIVE DEFENSES**

1. This court lacks jurisdiction to adjudicate this case as the subject copyrights were not properly registered.

2. Plaintiff's claims are barred as Plaintiff granted Defendants permission and authority to use the subject photographs and/or images pursuant to a license.

3. Plaintiff cannot recover as Plaintiff has waived, abandoned or forfeited any rights previously held under the Copyright Act, surrendered by operation of law.

4. Plaintiff's claims are barred by the Fair Use doctrine as set forth in Section 107 of the Copyright Act, 17 U.S.C. §107.

5. Some or all of the purported infringements alleged by Plaintiff are barred by the statute of limitation set forth in Section 507 of the Copyright Act, 17 U.S.C. §507.

6. The action is barred by the doctrine of Laches, as Plaintiff made no attempt to enjoin the use of the subject photographs and/or images, which they complain of, and thus have allowed Defendants to continue to use the photographs and/or images for a substantial time as made freely available by Plaintiff to Defendants for promoting the events. Plaintiff's inaction or ineffectiveness in preventing the use of the photographs and/or images over the years, has allowed Defendants to justifiably assume that any such use was a completely legal practice. Plaintiff is therefore guilty of laches and Plaintiff's delay and inaction in allowing such use was inexcusable and prejudicial to Defendants by reason of their change of position in reliance as a result of Plaintiff's delay.

7. Plaintiff's action is barred by Estoppel, in that, although Plaintiff knew the facts concerning any alleged use by Defendants of the subject photographs and/or images, Plaintiff acted in such manner that Defendants were entitled to, and did, believe that the continued availability of the photographs and/or images were intended by Plaintiff, and any use thereof were induced by, and done in reliance on, Plaintiff's conduct.

8. Any use by Defendants was done, if at all, with innocent intent, in that Defendants believed in good faith that any such conduct did not constitute an infringement of any copyright.

9. Plaintiff is not entitled to equitable relief, as Plaintiff is guilty of conduct directly related to the merits of the controversy between the parties, sufficient to affect the equitable relations between the parties, and sufficient to invoke the doctrine of unclean hands. Defendants have been injured by Plaintiff's conduct, which continued at least through the time of filing of this action.

Defendants' Answer and Affirmative Defenses
Flava Works, Inc. v. Platinum Planning Group, Inc., Medrano & Powell
Case No.: 11-20771-CIV-MARTINEZ/BROWN
Page 10

10. Plaintiff's claims are barred because of deceptive and misleading advertising practices in connection with distribution of the alleged copyrighted works.

11. Plaintiff's claims are barred as the alleged copyrights are invalid for lacking copyrightable subject matter. Further, Plaintiff is not the owner of the subject copyrights.

12. Plaintiff's claims are barred as the contents of the work are in the public domain, and a claim of copyright infringement is improper.

13. Plaintiff is not entitled to statutory damages as the subject copyrights were not registered within the statutory period pursuant to Section 412 of the Copyright Act, 17 U.S.C. § 412.

**DEFENDANTS' DEMAND FOR ATTORNEYS' FEES AND COSTS**

Defendants requests that they be awarded their reasonable attorneys' fees pursuant to 17 U.S. C. § 505 and 15 U.S. C. § 1117 (a) for having to defend this matter when it has not been brought in good faith. Plaintiff is aware that its allegations are false, but has filed suit only for the purpose of harassing the Defendants. Defendants request all further relief that this Honorable Court deems just and proper.

Respectfully submitted,

**DELANCYHILL, P.A.**
**Attorneys for the Defendants**
201 S. Biscayne Blvd.,
28th Floor
Miami, Florida 33131
Tel.: (786) 777-0184
Fax:(786) 777-0174

By: _____

**Michelle A. Delancy**
Florida Bar No. 0070580
mdelancy@delancyhill.com

Defendants' Answer and Affirmative Defenses
Flava Works, Inc. v. Platinum Planning Group, Inc., Medrano & Powell
Case No.: 11-20771-CIV-MARTINEZ/BROWN
Page 11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. Mail and facsimile on **Jonathan J. Warrick, Esq.,** General Counsel, Flava Works, *Law Office of Jonathan J. Warrick, P.A.*, 1641 SW 4th Avenue, Fort Lauderdale, FL 33315, Fort Lauderdale, Fl 33315, this 4th day of April, 2011.

_____
Michelle A. Delancy